UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEN L. BURGESS, an individual, SANDI BURGESS, an individual, and LIGHTSHIP ENTERPRISE, a Wyoming corporation,

    Plaintiffs,

v.

Case No: 2:17-cv-19-FtM-99MRM

VFINITY LLC, a Florida limited liability company, VOYAGER HEALTH TECHNOLOGIES, a Nevada corporation, ALEX ELIASHEVSKY, an individual, and MURRAY POLISCHUK, an individual,

    Defendants.

## **ORDER**

This matter comes before the Court on review of the Complaint (Doc. #2) filed on November 18, 2015.[1] Subject-matter jurisdiction is premised on the presence of a diversity of citizenship between the parties. (Id., ¶¶ 1-11.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C.

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

§ 1332(a); <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000).

The Complaint was initially filed in the United States District Court for the Central District of Utah, but was transferred to the Middle District of Florida, Fort Myers Division, on January 11, 2017. (Doc. #42.) Prior to transfer, the Utah District Court entered an Order to Show Cause on January 3, 2017, stating that plaintiffs had inadequately pled diversity jurisdiction and set forth the areas where the Complaint was lacking in this regard. (Doc. #40.) Specifically, the Utah District Court requested that plaintiffs provide a response to the following information: (1) the citizenship of the members of Vfinity LLC, (2) the state of incorporation and principal place of business for all corporate parties, (4) the citizenship of the natural persons, and (4) good faith allegations as to the citizenship of John Does 1-5. (Doc. #40.) Plaintiffs filed a response (Doc. #41) on January 5, 2017. The Utah District Court did not address whether plaintiffs' response was adequate, and transferred the case to this Court on January 11, 2017.[2] (Doc. #42.) Upon review of plaintiffs' response (Doc. #41), this Court

---

[2] The Utah District Court's transfer order (Doc. #42) reflects that the Court held a hearing on Defendants' Motion to Dismiss or Transfer Venue (Doc. #13) on January 10, 2017, but there is no indication that the Utah District Court was satisfied with or even addressed subject-matter jurisdiction.

finds that plaintiff has now adequately addressed the citizenship allegations as to the corporate parties and the John Doe defendants, but fails in all other respects.

Although the Utah District Court stated that natural persons are citizens of the state in which they are domiciled (Doc. #40 at 2), plaintiffs Ken L. Burgess and Sandi Burgess continue to allege that they "reside in Utah." (Doc. #41, ¶ 3.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). Plaintiffs have failed to properly allege the citizenship of the individually-named plaintiffs. Therefore, the Court cannot determine the citizenship of these plaintiffs, or that diversity of citizenship is present.

Likewise, plaintiffs allege that defendants Alex Eliashevsky and Murray Polischuk, "reside in Florida and/or Nevada." (Doc. #41, ¶ 3.) Plaintiffs must properly allege the citizenship of the individually-named defendants, by pleading domicile.

Furthermore, plaintiffs do not identify the citizenship of individual members of the defendant limited liability company. Rather, plaintiffs' response to the Court's request to provide supplemental information regarding citizenship of the LLC members states that the members of Vfinity LLC are "believed to be Alex Eliashevsky, who resides in Florida and/or Nevada, and Murray Polishcuk, who resides in Florida and/or Nevada." (Doc. #41, ¶ 1.) A limited liability company is a citizen of any state of which a member is a citizen. Thermoset Corp. v. Building Materials Corp. of America, --- F.3d ---, 2017 WL 816224, *2 (11th Cir. Mar. 2, 2017) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004) (noting that the pleadings are required to provide the citizenship of each LLC member to invoke the District Court's diversity jurisdiction)). Here, plaintiffs have only alleged the residency of the LLC members, and not their domicile; therefore, the Court cannot determine the citizenship of Vfinity LLC, or that diversity of jurisdiction is present. Plaintiffs will be provided **one final opportunity** to

state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.[3]

The Court also notes that the Complaint (Doc. #2) is a shotgun pleading as it contains multiple counts where each count adopts the allegations of all preceding counts, which is one of the bases for dismissal cited in the pending motions to dismiss. (Docs. ## 56, 57.) "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has

---

[3] Plaintiffs' response (Doc. #41) states that "John Does 1-5 are believed to reside in Florida and/or Nevada (though no such have been identified to date as no discovery has been completed)." The Court is satisfied with this response at this stage in the proceedings, but plaintiffs shall move to amend the Complaint to adequately allege these individuals' citizenship once the John Does' identifies are discovered, or otherwise move for their dismissal if unknown.

established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial.  <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001).  In amending the Complaint, plaintiffs should take the opportunity to correct this deficiency.

Accordingly, it is now

**ORDERED:**

1.  The Complaint (Doc. #2) is **dismissed** for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

2.  Defendant Eliashevsky's Motion to Dismiss (Doc. #56) is **DENIED as moot**.

3.  Defendant Vfinity, LLC's Motion to Dismiss (Doc. #57) is **DENIED as moot**.

4.  Plaintiffs' Unopposed Motion for an Extension to File Their Response to Defendants' Motions to Dismiss (Doc. #61) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of March, 2017.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record