UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEN L. BURGESS, an individual, SANDI BURGESS, an individual, and LIGHTSHIP ENTERPRISE, a Wyoming corporation,

    Plaintiffs,

v.                                    Case No: 2:17-cv-19-FtM-99MRM

VFINITY LLC, a Florida limited liability company, VOYAGER HEALTH TECHNOLOGIES CORP., ALEX ELIASHEVSKY, an individual, and MURRAY POLISCHUK, an individual,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants Vfinity LLC and Alex Eliashevsky's Motions to Dismiss Plaintiffs' Amended Complaint with Prejudice (Docs. ##65, 66) filed on March 27 and 28, 2017, in which defendant Murray Polischuk joined (Docs. ##71, 73). Plaintiff filed a Memorandum in Opposition (Doc. #77) on May 1, 2017. For the reasons set forth below, the motions are granted without prejudice since the Amended Complaint is an impermissible shotgun pleading, but denied to the extent defendants argue for dismissal based on lack of subject-matter jurisdiction.

On November 18, 2015, plaintiffs filed a thirteen-count Complaint in the United States District Court for the Central

District of Utah (Doc. #1), alleging various state law claims based on diversity jurisdiction.  The case was transferred to the Middle District of Florida, Fort Myers Division, on January 11, 2017.  (Doc. #42.)  Prior to transfer the Utah District Court had entered an Order to Show Cause (Doc. #40), finding that plaintiffs had failed to plead domicile, and set forth the areas where the Complaint was lacking in this regard.  Plaintiffs filed a response in the District of Utah (Doc. #41) on January 5, 2017, but the record does not show that the Utah District Court was satisfied with or even addressed subject-matter jurisdiction prior to transfer.  Therefore, on March 7, 2017, this Court dismissed the Complaint for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint.  (Doc. #63.)  The Court also noted in that Order that the Complaint was a shotgun pleading and directed plaintiffs to correct this deficiency in the Amended Complaint.  (Id. at 6.)  Plaintiffs filed a thirteen-count Amended Complaint[1] (Doc. #64) on March 14, 2017.

---

[1] The thirteen counts are: (1) breach of contract; (2) declaratory relief; (3) estoppel; (4) conversion & unjust enrichment; (5) interference for economic interest; (6) defamation/slander; (7) successor liability and alter ego; (8) negligent and/or intentional misrepresentation; (9) accounting, (10) fraudulent transfer, (11) misappropriation, (12) injunctive relief, and (13) breach of the implied covenant of good faith and fair dealing.

Defendants Vfinity LLC, Alex Eliashevsky, and Murray Polischuk move to dismiss[2], arguing that the Amended Complaint still fails for lack of subject-matter jurisdiction, fails to state a claim, and is a shotgun pleading.

**I.**

As alleged in plaintiff's Amended Complaint (Doc. #64), defendant Voyager Health Technologies Corp. (Voyager) is a direct selling, multi-level marketing company engaged in the business of marketing nutritional, health, and personal care products to consumers through a network of independent associates. (Id. at ¶ 11.) Voyager became Vfinity on or about March 17, 2015. (Id. at ¶ 5.) Eliashevsky and Polischuk are members of Vfinity – Eliashevsky served as Vfinity's manager and majority member and Polischuk bore responsibility for the decisions of Vfinity. (Id. at ¶¶ 7, 8, 16.)

During the formation of Voyager, beginning around August 2010, plaintiffs entered into a written agreement with Voyager, referred to in the Amended Complaint as the "Initial Agreement," whereby plaintiffs agreed to market Voyager's products.[3] (Doc. #64, ¶ 12.) At all material times, plaintiffs did business

---

[2] Defendant Voyager Health Technologies Corp. failed to appear and a clerk's default was entered on May 16, 2017. (Doc. #82.)

[3] A copy of the Initial Agreement was not attached to the Amended Complaint.

individually and/or as Lightship Enterprise, Inc.  (Id. at ¶ 3.)  The Initial Agreement entitled plaintiffs to certain guaranteed compensation, bonuses, and other benefits during the development phase and until Voyager launched.  (Id.)  Pursuant to the Initial Agreement, plaintiffs provided valuable business development and consulting services and made efforts to build plaintiffs' "downline"[4] sales organization to market Voyager's products and services, benefitting Voyager and the individual defendants.  (Id. at ¶ 13.)  At Voyager's request and in reliance on the Initial Agreement, plaintiffs served in various consulting, administrative, and management positions with Voyager.  (Id. at ¶ 14.)

Following Voyager's founding, Voyager began experiencing problems.  As a result, Voyager failed and refused to pay compensation to plaintiffs, including bonuses, commissions, overrides, and unpaid expenses, in breach of the Initial Agreement.  (Doc. #64, ¶ 15.)  In or about late 2013, without notice, Voyager transferred substantially all its assets to Vfinity in an effort to hinder, delay, or defraud it creditors and to distance itself

---

[4] Generally, in multi-level marketing, independent distributors oftentimes recruit a "downline" of independent distributors who also build a consumer network base.  See https://en.wikipedia.org/wiki/Multi-level_marketing (last visited May 11, 2017).

from its troubled past, including its obligations to plaintiffs. (Id. at ¶ 16.)

Shortly after the formation of Vfinity, Eliashevsky met with plaintiffs regarding Vfinity's unpaid obligations due to plaintiffs. (Doc. #64, ¶ 18.) In order to induce plaintiffs to continue providing services to Vfinity, including the preservation of plaintiffs' downline sales organization, Eliashevsky represented and personally promised that he would guarantee Vfinity's obligations to plaintiffs should Vfinity be unable to pay them. (Id.) In reliance on these promises, plaintiffs continued to work for Vfinity and provide business development services, consultation, and marketing of Vfinity's products. (Id. at ¶ 19.) The business development services provided by plaintiffs constitute proprietary and confidential business and other trade secret information, which plaintiffs agreed to allow defendants to use with a reasonable expectation of confidentiality and compensation. (Id. at ¶¶ 23, 24.) Defendants have failed and/or refused to return the trade secrets to plaintiffs, which defendants continue to benefit from. (Id. at ¶¶ 20, 21.)

In or about early 2014, plaintiffs were terminated by defendants without cause so that defendants could take plaintiffs' trade secrets and downline sales organization without paying plaintiffs for the value of the trade secrets and without paying

the compensation and other benefits due to plaintiffs. (Doc. #64, ¶ 24.)

In or around January 2015, Vfinity developed a new Independent Associate Agreement, referred to in the Amended Complaint as the "Second Agreement." (Doc. #64, ¶ 27.) Vfinity requested that plaintiffs sign the Second Agreement, which plaintiffs initially refused, contending that Vfinity remained obligated to pay them prior outstanding compensation and benefits. (Id. at ¶ 28.) Vfinity threatened that unless plaintiffs sign the Second Agreement, Vfinity would withhold any prior compensation and benefits, as well as any future compensation, and prohibit plaintiffs from communicating with their downline sales organization. (Id. at ¶ 29.) On January 6, 2015, plaintiffs executed the Second Agreement under economic duress.[5] (Id. at ¶ 30.) Vfinity has continued to fail and refuse to pay plaintiffs compensation and benefits owed under the Initial and Second Agreements. (Id. at ¶ 31.)

On or about September 9, 2015, Vfinity sent plaintiffs a Notice of Termination, falsely claiming that plaintiffs breached the Second Agreement by raiding and cross-solicitation of products. (Doc. #64, ¶ 32.)

---

[5] A copy of the Second Agreement was not attached to the Amended Complaint.

II.

**A. Subject-Matter Jurisdiction**

Defendants first argue that plaintiffs' Amended Complaint fails to sufficiently allege federal jurisdiction. Upon review of the jurisdictional allegations in the Amended Complaint (Doc. #64, ¶¶ 1-8), the Court is satisfied that the citizenship of all parties is properly alleged. Defendants particularly take issue with the citizenship allegations with respect to defendant Polischuk. At paragraph 5, plaintiffs state that Polischuk is a "citizen[] of the state of Florida," yet at paragraph 8, plaintiffs state that Polischuk "is an individual who is a citizen of Canada, and resident of Florida." "An individual who is a dual citizen of the United States and another nation is only a citizen of the United States for the purposes of diversity jurisdiction under § 1332(a)." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011). The Court accepts the allegations in the Amended Complaint that Polischuk is a citizen of Florida, although this remains a "live" issue which may be subject to discovery.

**B. Dismissal as a Shotgun Pleading**

Defendants next argue that the Amended Complaint is an impermissible shotgun pleading and request that it be dismissed with prejudice because plaintiffs were previously instructed by the Court to address the deficiencies (Doc. #63) but failed to do

so. Defendants allege that because of the deficient pleading they do not have adequate notice of the claims against them and the grounds on which the claims rest so that they may frame a response. In response, plaintiffs briefly state that they have satisfied the pleading requirements, but ask that amendment be allowed instead of dismissal.

The first 33 paragraphs of the Amended Complaint consist of two sections entitled "parties, jurisdiction, and venue," and "general allegations." The remainder is organized into thirteen counts, each containing the following introductory paragraph in which each count adopts the allegations of all preceding counts: "Plaintiffs incorporate and re-allege the foregoing paragraphs as if fully set forth herein." The Amended Complaint also asserts each of the thirteen claims against all four defendants without specifying which of the defendants are responsible for which acts or commissions, or which of the defendants the claim is brought against. Similarly, there are three named plaintiffs, but the Amended Complaint does not identify which of the three named plaintiffs is alleging which count. The Amended Complaint also does not allege how plaintiff Lightship Enterprises, Inc. had any relationship with defendants.

The Eleventh Circuit Court of Appeals recently delineated the "four rough types or categories of shotgun pleadings" that have been filed since 1985:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against.

<u>Weiland v. Palm Beach Cnty. Sheriff's Ofc.</u>, 792 F.3d 1313, 1320-21 (2015). The Eleventh Circuit has also noted that, "[w]hile plaintiffs have the responsibility of drafting complaints [that do not constitute shotgun pleadings], defendants are not without a duty of their own in this area. . . . [A] defendant faced with a shotgun pleading should move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." <u>Id.</u> at 1321 n.10.

The Court agrees that the Amended Complaint remains a shotgun pleading as it commits two of the pleading sins by re-alleging all preceding counts and asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. The Court finds that this is a case where a failure to identify the facts relevant to

each count is particularly problematic due to the multiplicity of counts and parties and because it is not clear that the factual allegations made in all preceding paragraphs would be relevant to each cause of action or each defendant. Defendants have been sued both in their corporate and individual capacities, yet the Court cannot discern which counts are brought against which entity. This makes it nearly impossible for each of the defendants to frame a responsive pleading. Therefore, plaintiffs' Amended Complaint is again due to be dismissed. The Court will dismiss the Amended Complaint without prejudice and allow plaintiffs another opportunity to cure the pleading deficiencies.

**C. Failure to State a Claim**

In response to the defendants' motions to dismiss for failure to state a claim, plaintiffs request leave to replead their claims. (Doc. #77, p. 3.) The Court will allow plaintiffs to do so.[6]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants Vfinity LLC, Alex Eliashevsky, and Murray Polischuk's Motions to Dismiss Plaintiffs' Amended Complaint with Prejudice (Docs. ##65, 66) are **GRANTED in part and DENIED in part.**

---

[6] Plaintiffs also argue in their Response (Doc. #77) that the motions to dismiss should be denied because Federal Rule of Civil Procedure 12(g)(2) prohibits the filing of successive Rule 12 motions to dismiss. This argument fails as the previous motions to dismiss (Docs. ##56, 57) were denied as moot because an amended complaint was filed. Federal Rule 12(g) does not apply.

The motions are granted to the extent that the Amended Complaint (Doc. #64) is dismissed without prejudice since the Amended Complaint is an impermissible shotgun pleading, but denied to the extent defendants argue for dismissal based on lack of subject-matter jurisdiction. Plaintiffs may file an Amended Complaint **within FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record